IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYPORT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC. <br><br> Defendant. | C.A. No. 1:24-cv-01337-JDW <br><br> **DEMAND FOR JURY TRIAL** |

## **PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to the Fed. R. Civ. P. 15(a)(2), D. Del. Local Rule 15.1 and the Court's Orders (D.I. 38, 40), Plaintiff MyPort Technologies, Inc. ("MyPort") respectfully moves for leave to amend its Complaint against Defendant Apple Inc. ("Apple").[1] A clean copy of the proposed Amended Complaint, with accompanying exhibits A-E, is attached as Exhibit 1, and a red-line copy of the proposed Amended Complaint is attached as Exhibit 2. A proposed Order is also attached.

In its Memorandum Opinion regarding Apple's Motion to Dismiss (D.I. 37) the Court granted Apple's motion and dismissed MyPort's Complaint. D.I. 37 at 13. The Court also wrote that, "[h]owever, I will give MyPort a chance to file an amended complaint if there are new facts that it can plead that it believes in good faith would change this outcome," observing that "the Federal Circuit has noted that amendments can add factual detail that might save a seemingly unpatentable claim." *Id*. at 1; 13.

MyPort's proposed Amended Complaint asserts U.S. Patent Nos. 9,832,017 (the "'017 Patent"), 10,237,067 ("the '067 Patent"), and 10,721,066 ("the '066 Patent") (collectively, the

---

[1] Prior to filing this motion, the parties conferred and Apple stated it would oppose this Motion. The Rule 7.1.1 Certification is attached herewith.

1

"Patents-in-Suit"), while dropping the assertion of U.S. Patent No. 11,188,998 ("the '998 Patent"). Ex. 2 at 3-4; 73-84.

The supplemental factual allegations and evidence cited in MyPort's Proposed Amended Complaint address the perceived deficiencies in MyPort's patent-related claims raised in the Court's Memorandum and Order, as well as the arguments Apple made in the briefing on its motion to dismiss. While MyPort did not believe the additional facts contained in the Amended Complaint were essential at the pleading stage, it appreciates the opportunity afforded by the Court to provide them now.

The Federal Rules of Civil Procedure provide that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). As courts in this District have noted, "[t]he Third Circuit has construed Rule 15 liberally, instructing that 'absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Empower Brands LLC v. Tristar Prods., Inc.*, No. CV 23-01225-RGA, 2024 WL 5090532, at *1 (D. Del. Dec. 12, 2024) (quoting *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

Here, there is no delay, much less "undue delay" as MyPort's motion for leave is filed by the time ordered by the Court. D.I. 40. With respect to the addition of supplemental factual allegations, those facts have already been made of record in a prior litigation, and of record in this case, and thus there is no surprise or prejudice in their inclusion here. MyPort's amendment also does not assert any new patents or causes of action—indeed, MyPort has reduced the number of patents, as it is no longer asserting the '998 Patent against Apple. Ex. 2 at 3-4; 73-84. MyPort's motion for leave is further made in good faith as MyPort has ample reason to amend in light of the

2

Court's Memorandum and Orders. D.I. 37, 38, 40. Apple cannot meet its burden to prove that MyPort possesses any ill intent or dilatory motive in these reasonable amendments, as they are made in response to the Court Orders. *Id*. And as shown below, MyPort's proposed Amended Complaint contains additional factual allegations of technological improvements over the existing prior art at the time of the invention, that, taken as true, raise factual disputes underlying the § 101 analysis; thus, futility does not apply here. *See, e.g., Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1127 (Fed. Cir. 2018) ("Here, allowing Aatrix to file the proposed amended complaint, which alleges facts directed to the inventive concepts in its claimed invention, would not be futile.").

The proposed Amended Complaint adds new factual allegations that bear on the question of patent eligibility of the three Patents-in-Suit under 35 U.S.C. § 101. For example, MyPort's Amended Complaint incorporates expert testimony from a prior litigation involving the same Patents-in-Suit where MyPort's expert submitted testimony explaining that the patented invention claims an inventive concept and combination of elements that were not well-understood, routine, or conventional. Exs. 1, 2 at ¶ 24 (citing to Ex. E attached to the Amended Complaint); *see also* Ex. 3 [Rebuttal Expert Report of Jae Young Bang, Ph.D., *MyPort, Inc. v. Samsung Electronics Co., Ltd., et al*., C.A. No. 2:22-CV-00114-JRG, D.I. 166-1 (E.D. Tex., Oct. 13, 2023)] at ¶¶ 617, 623, 627, 629-631.[2] MyPort's expert testified among other things that the Patents-in-Suit "are inventive because of how the claimed combination of elements work together to solve the problem in at least the way that digital audio and image/video files are transmitted, indexed, stored, and retrieved while using less storage space … to address problems in the existing technologies." Ex. 3 at ¶ 623.

---

[2] Though Ex. 3 is marked "Restricted-Attorneys' Eyes Only" the portions cited in the exhibit attached herein do not contain any confidential information.

MyPort's expert further testified, for example, that "the first data converter captures the external audio information and processes and stores the captured external audio information in a digital audio format to generate an association and for the media/second data converter to convert to a text context tag. Thus, I disagree … that the claimed first data converter is well understood, conventional, or routine." *Id*. at ¶ 627.

MyPort's Amended Complaint also adds that in the prior litigation involving the Patents-in-Suit, the United States District Court for the Eastern District of Texas, Marshall Division, denied defendant's motion for summary judgment holding "outstanding fact issues under Step 2 of *Alice*" precluded summary judgment of ineligibility. Exs. 1, 2 at ¶ 24 (citing to Ex. D attached to the Amended Complaint).

MyPort's Amended Complaint also focuses on new factual allegations from the patent specification showing that the claimed inventions are not well-understood, routine, or conventional. *See, e.g.,* Exs. 1, 2 at ¶¶ 27-30. For example, "[t]he converters have specific functions: the first data converter processes and stores the audio and image data, while a 'media data converter' processes the audio and image to generate a 'text based searchable file as a text context tag" and an "image recognition searchable context tag' characterizing the content." *Id.* at ¶ 27. Moreover, "[t]he claims also recite a 'combiner' (data combiner and compressor) that creates a composite data set, a transmitter that transmits a temporally-defined 'stored defined set' (the capture initiated at an initial time and completed at a completion time) to a remote node, and a remote system/receiver and system data converter that converts the received defined set into a searchable format and produces searchable text and image context tags which are associated with the image and stored in a database." *Id*. MyPort's proposed Amended Complaint includes facts showing how the "claims of the Patents-in-Suit recite specific components and ordered steps that

constitute an inventive concept and are not merely a well-understood, routine or conventional computer implementation of an abstract idea." *Id*. at ¶ 29.

The additional facts set forth in red-line in MyPort's proposed Amended Complaint present a factual issue under *Alice* Step Two that precludes dismissal of the Complaint. *See generally* Ex. 2 at 6-12. The new factual allegations confirm that the patented invention is not merely directed to "associating" and "storing" data in a way held to be ineligible in prior Federal Circuit cases.

MyPort therefore respectfully requests that the Court grant its motion for leave to file the Amended Complaint attached as Exhibit 1 (which includes accompanying Exs. A-E). *See Dish Technologies, et. al. v. Fubotv Media*, C.A No. 23-986-GBW, D.I. 38 at 9 (D. Del. May 21, 2024) ("Accordingly, the Court finds that amendment is not futile because Dish's proposed First Amended Complaint adequately alleges that the asserted claims contain an inventive concept.")

| | |
|---|---|
| Dated: October 30, 2025 | Respectfully submitted, |
| *Of Counsel*: | STAMOULIS & WEINBLATT LLC |
| John E. Lord (admitted *Pro Hac Vice*)<br>**SKIERMONT DERBY LLP**<br>633 W. Fifth Street, Suite 5800<br>Los Angeles, CA 90071<br>Phone: (213) 788-4500<br>jlord@skiermontderby.com | */s/ Stamatios Stamoulis*<br>Stamatios Stamoulis (#4606)<br>Richard C. Weinblatt (#5080)<br>**STAMOULIS & WEINBLATT LLC**<br>800 N. West St., 3rd Floor<br>Wilmington, DE 19801<br>Telephone: (302) 999-1540 |
| Michael D. Ricketts (admitted *Pro Hac Vice*)<br>**SKIERMONT DERBY LLP**<br>1601 Elm Street, Suite 4400<br>Dallas, TX 75201<br>(214) 978-6600<br>mricketts@skiermontderby.com | stamoulis@swdelaw.com<br>weinblatt@swdelaw.com<br><br>*Attorneys for Plaintiff*<br>*MyPort Technologies, Inc.* |
| Chandran B. Iyer (admitted *Pro Hac Vice*)<br>**DAIGNAULT IYER LLP**<br>8229 Boone Boulevard - Suite 450<br>Vienna, VA 22182 | |

Phone: (202) 330-1666  
rdaignault@daignaultiyer.com  
cbiyer@daignaultiyer.com

*Not admitted to practice in Virginia*

## RULE 7.1.1 CERTIFICATION

Pursuant to D. Del. Local Rule 7.1.1, Delaware counsel for the parties conferred regarding Plaintiff's Motion to Amend. Defendant's counsel stated that it will oppose Plaintiff's Motion to Amend.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)