# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYPORT TECHNOLOGIES, INC., | |
| Plaintiff, | C.A. No. 1:24-cv-01337-JDW |
| v. | |
| APPLE, INC. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

# PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. LEAVE TO AMEND SHOULD BE GRANTED BECAUSE MYPORT'S
AMENDED COMPLAINT INCLUDES NEW SPECIFIC ALLEGATIONS OF
INVENTIVE CONCEPTS ................................................................................... 1

III. CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
    882 F.3d 1121 (Fed. Cir. 2018) ............................................................................... 4

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
    841 F. 3d 1288 (Fed. Cir. 2016) .............................................................................. 6

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
    827 F.3d 1341 (Fed. Cir. 2016) ............................................................................... 6

*Cascades Branding Innovation LLC v. Aldi, Inc.*,
    No. 2024-1729, 2025 WL 2731321 (Fed. Cir. Sept. 25, 2025) ................................. 5

*Cellspin Soft v. Fitbit*,
    927 F.3d 1306 (Fed. Cir. 2019) ............................................................................... 3

*Dish Technologies L.L.C. v. FuboTv Media Inc.*,
    No. 23-986-GBW, D.I. 38 (D. Del. May 21, 2024) .............................................. 4, 5

*Simio, LLC v. FlexSim Software Products Inc.*,
    983 F.3d 1353 (Fed. Cir. 2020) ............................................................................... 5

*Topia Tech., Inc. v. Egnyte, Inc.*,
    No. 21-1821-CJB, 2023 WL 4364160 (D. Del. July 6, 2023) .................................. 5

**Other Authorities**

Fed. R. Civ. P. 15 .................................................................................................... 1

## I. INTRODUCTION

Plaintiff MyPort's motion for leave to amend relied on the liberal policy favoring amendments and the four factors under Rule 15 of the Federal Rules of Civil Procedure. D.I. 41 at 2–3. Defendant Apple's Opposition fails to address, let alone mention, Rule 15 or any of the factors governing motions for leave to amend, except for futility. By ignoring these factors, Apple effectively concedes that the proposed amendments are made in good faith, are timely, and will not prejudice Apple. *See generally* D.I. 42.

As to futility, Apple mischaracterizes the invention, incorrectly states that MyPort has not alleged new facts supporting subject-matter eligibility, and improperly disregards MyPort's factual allegations.

MyPort should be allowed to file its amended complaint showing that the Patents-in-Suit (collectively, U.S. Patent Nos. 9,832,017 ("the '017 Patent") (D.I. 1-1), 10,237,067 ("the '067 Patent"), and 10,721,066 ("the '066 Patent")), claim patent-eligible, non-abstract inventions, especially at the pleading stage. MyPort's motion should be granted.

## II. LEAVE TO AMEND SHOULD BE GRANTED BECAUSE MYPORT'S AMENDED COMPLAINT INCLUDES NEW SPECIFIC ALLEGATIONS OF INVENTIVE CONCEPTS

MyPort's original complaint did not fully articulate how the Patents-in-Suit recite an inventive combination of components and functions. The amended complaint squarely addresses this by adding extensive new allegations at paragraphs 24–30. *See* D.I. 41-2 (in red-line). These new allegations—firmly grounded in the specification and claims—explain the problem the invention was designed to solve, *i.e.*, the failure of prior art devices to preserve context tags during

data transfers, and how this problem is solved by the present invention using inventive and non-conventional techniques. *Id.*[1]

Apple argues that MyPort's proposed amendments in its amended complaint "adds a litany of allegations that repeat what this Court already considered and rejected." D.I. 42 at 1. Apple repeats this false theme throughout its brief to argue that this Court has already held the claims invalid and therefore futility applies. *See e.g., id.* at 5 ("Here as this Court already held, the Asserted Patents claim unpatentable subject matter"); *id.* at 6 ("MyPort merely rehashes the same arguments . . . arguments this Court already rejected."); *id.* ("This Court conducted a thorough analysis … [and] determined that the Asserted Patents are patent ineligible."). Apple's arguments are wrong because MyPort's amended complaint adds numerous new facts, addressed at *Alice* step two, showing that the individual elements and the claimed combination do not cover well-understood, routine, or conventional activity. Apple is also wrong when it mischaracterizes the invention as "collecting, converting, tagging, and storing the data." D.I. 42 at 2.

Pointedly, the inventive concept of the Patents-in-Suit is the use of a converter to create both text and image recognition context tags and to associate/embed those context tags with a digital image. This inventive concept is directly recited by the claims. *See* '017 Patent, at claim 6 ("and associating the text and image recognition context tags with the digital image"); claim 13 ("and associating the text and image recognition context tags with the digital image").[2] MyPort alleges that "[e]xisting systems did not allow for a durable and persistent association of

---

[1] MyPort also contends that the Patents-in-Suit are subject matter eligible under *Alice* step one, but for purposes of its motion for leave to amend, MyPort has only focused on new facts to support eligibility under *Alice* step two.
[2] MyPort stated the same in its brief opposing Apple's motion to dismiss, where MyPort stated that the claims are directed to creating and embedding searchable tags for media files on a user's device. *See* D.I. 23 at 1.

2

recognition-derived tags (such as speech-to-text or image context tags) with media files in a way that enabled later search and retrieval." D.I. 41-2 at ¶ 26. The loss of index keys when transferring files from device to device is critical to inventiveness because as MyPort pled, the prior art and methods for preserving such data during transfers was non-existent. *Id.* These improvements over the prior art, at the pleading stage, must be accepted as true.

MyPort then alleges the '017 Patent discloses an "explicit mechanism for converting audio and data into context tags, and associating these context tags with the captured image and transmitting and storing those tags in association with the image in a database" with specific support from the specification, including '017 Patent at 8:2–17; 10:48–54; 11:17–35; 11:48–51; 12:5–7; 12:14–19; and 12:29–41. MyPort also alleges that the claims of the Patents-in-Suit require "concrete preservation and authentication mechanisms" that "prevent that prevent loss of index keys on device migration or transfer," with specific support from the specification at '017 Patent at 4:2–3; 4:13–23; 4:45–59; 5:4–11; 5:18–32; 6:45–53; 7:11–41; 8:18–41. D.I. 41-2 at ¶ 29.

These new factual allegations, particularly at paragraphs 26-29 of the amended complaint, show inventive and non-conventional aspects of the invention that were not alleged in MyPort's original complaint, and are not a "rehash" of facts already considered by the Court, as argued by Apple. When the Court accepts MyPort's new allegations as true, there can be no finding of futility. *See Cellspin Soft v. Fitbit*, 927 F.3d 1306 (Fed. Cir. 2019) ("In this case, Cellspin made specific, plausible factual allegations about why aspects of its claimed inventions were not conventional, *e.g.*, its two-step, two-device structure requiring a connection *before* data is transmitted. The district court erred by not accepting those allegations as true.").

Apple cannot meet ***its burden*** to show that the use of a converter to create text and image recognition context tags, and associate/embed those tags to the image, was a conventional activity.

3

Indeed, the relevant inquiry is the plausibility of the allegations, and Apple fails to identify even a single factual allegation in the amended complaint that is not plausible, which further supports granting the Motion.

MyPort also pled that a prior court held factual issues exist under *Alice* step two to preclude summary judgment of ineligibility and also included new sworn expert testimony explaining why aspects of its claimed inventions were not conventional, and were a technological improvement over the prior art. D.I. 41-2 at ¶ 24 (citing D.I. 41-3 at ¶¶ 617, 623, 627, 629–631).

Apple's response to *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1127 (Fed. Cir. 2018) misses the mark as Apple argues that in *Aatrix* the proposed amended complaint "raised factual disputes tied directly to claim construction." D.I. 42 at 13. Though the Federal Circuit stated the district court should have held claim construction proceedings, it concluded that "Aatrix is entitled to file its proposed second amended complaint, and that ruling makes it unnecessary to decide whether the district court erred by ruling on the § 101 motion prior to claim construction." *Aatrix,* 882 F.3d at 1128. Moreover, here, MyPort has argued that the district court should first hold claim construction proceedings before deciding the § 101 motion, including identifying claim terms that tie directly to eligibility. D.I. 23 at 7 ("Apple's argument depends on several implicit and incorrect claim constructions, none of which are consistent with the plain and ordinary meaning of these terms as understood by a person of skill in the art.").

Apple also critiques MyPort's reliance on *Dish Technologies L.L.C. v. FuboTv Media Inc.,* No. 23-986-GBW, D.I. 38 (D. Del. May 21, 2024) because there, plaintiff filed its motion for leave before the Court ruling (but after oral argument). D.I. 42 at 14. In *Dish*, however, the defendant argued that plaintiff's motion for leave to amend should be denied as futile because the additional facts did not support patent eligibility. *Dish*, No. 23-986-GBW, D.I. 38 at 7. The court disagreed:

4

"Accordingly, the Court finds that amendment is not futile because Dish's proposed First Amended Complaint adequately alleges that the asserted claims contain an inventive concept." *Id.* at 9. The same analysis applies here as the use of a converter to create and associate/embed context tags that prevents loss of tags upon transfer is an inventive concept. Further, to the extent Apple suggests only cases where a court has already ruled claims ineligible are relevant to the instant analysis, courts in this district have granted such motions. *See, e.g., Topia Tech., Inc. v. Egnyte, Inc.*, No. 21-1821-CJB, 2023 WL 4364160 (D. Del. July 6, 2023) (granting plaintiff's motion for leave to amend to file an amended complaint after plaintiff pled additional facts to support inventiveness under *Alice* step two, concerning two patents that the court previously held claimed ineligible subject matter).

Apple also states that *Cascades Branding Innovation LLC v. Aldi, Inc.*, No. 2024-1729, 2025 WL 2731321 (Fed. Cir. Sept. 25, 2025) is instructive. *See* D.I. 42 at 16. Yet there, the Court held, and plaintiff did not dispute that, "the patents themselves state that generic and pre-existing computer functionality can perform all the claimed steps." *Id.* at *3. Here, the opposite is true as the patent never states the problem in the prior art of preventing the loss of index keys on device migration or transfer can be solved with generic and pre-existing computer functionality. Similarly, Apple's faulty reliance on *Simio, LLC v. FlexSim Software Products Inc.*, 983 F.3d 1353 (Fed. Cir. 2020) does not support its futility argument because in *Simio,* the Federal Circuit denied a motion for leave to amend where the plaintiff's amendments consisted entirely of conclusory statements regarding "efficiency" and "processing speed" inherent with applying the abstract idea without any factual allegations regarding inventiveness. *Id.* at 1365.

Apple also cites to the specification's use of the term "well-known steganographic techniques" and "well-known algorithms" to support its futility argument. D.I. 42 at 11. Like

Apple, the district court in *BASCOM* noted that the patent specification indicated that the invention utilized "well-known generic computer components," and that the type of software at issue "was well known in the prior art." *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC,* 827 F.3d 1341, 1349 (Fed. Cir. 2016). The Federal Circuit rejected the district court's analysis and held that "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Id.* at 1350; *see also Amdocs (Israel) Ltd. v. Openet Telecom, Inc.,* 841 F. 3d 1288, 1300–01 (Fed. Cir. 2016) ("[Claims] recite a sufficient inventive concept under step two—particularly when the claims solve a technology-based problem, even with conventional, generic components, combined in an unconventional manner."). The same applies here. The inventive concept lies in the specific, improved system and method for creating context tags and associating/embedding them into the digital image, using concrete preservation and authentication mechanisms that prevent loss of index keys on device migration or transfer. D.I. 41–2 at ¶ 29.

## III. CONCLUSION

Apple does not challenge any of the Rule 15 factors except futility. MyPort has included new specific factual allegations, including sworn expert testimony, that supports inventiveness under *Alice* step two. The Court should grant MyPort's motion for leave to amend to file its amended complaint.

Dated: November 21, 2025

*Of Counsel*:

John E. Lord (admitted *Pro Hac Vice*)
**SKIERMONT DERBY LLP**
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
jlord@skiermontderby.com

Michael D. Ricketts (admitted *Pro Hac Vice*)
**SKIERMONT DERBY LLP**
1601 Elm Street, Suite 4400
Dallas, TX 75201
(214) 978-6600
mricketts@skiermontderby.com

Chandran B. Iyer (admitted *Pro Hac Vice*)
**DAIGNAULT IYER LLP**
8229 Boone Boulevard - Suite 450
Vienna, VA 22182
Phone: (202) 330-1666
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com

*\*Not admitted to practice in Virginia*

Respectfully submitted,

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
**STAMOULIS & WEINBLATT LLC**
800 N. West St., 3rd Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff
MyPort Technologies, Inc.*