IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MYPORT TECHNOLOGIES, INC.**<br><br>*Plaintiff,*<br><br>v.<br><br>**APPLE INC.**<br><br>*Defendant.* | **Case No. 1:24-cv-01337-JDW** |

### MEMORANDUM

MyPort Technologies, Inc. moves for leave to amend its complaint after I granted Apple Inc.'s motion to dismiss four of its patents for claiming nothing more than abstract ideas. MyPort attempts to stage a comeback, highlighting certain features and adding factual allegations to demonstrate inventiveness. But the patents still amount to abstract ideas implemented using generic computer components, and the proposed amendments introduce nothing materially new. Because amendment cannot alter that conclusion, I will deny MyPort's motion for leave to amend and dismiss its action against Apple with prejudice.

**I.    BACKGROUND**

MyPort sued Apple for patent infringement, asserting U.S. Patent Nos. 9,832,017 (the "'017 Patent"), 10,237,067 (the "'067 Patent"), 10,721,066 (the "'066 Patent"), and

10,368,998 (the "'998 Patent"). The '017, '067, and '066 Patents (collectively, the "Speech And Recognition Patents") are part of the same family and concern using speech and image recognition to generate and associate tags with digital media. The '998 Patent concerns securing digital information through encryption and authentication.

Apple moved to dismiss the original complaint under, arguing that the asserted claims are ineligible under 35 U.S.C. § 101. I agreed. I held that Claim 13 of the '066 Patent represents the asserted claims of the Speech And Recognition Patents and that Claim 1 of the '998 Patent represents the asserted claims of that patent. I then held that the claims are directed to abstract ideas and do not contain an inventive concept. I dismissed the complaint but allowed MyPort to seek leave to amend if it could plead new facts that would change the Section 101 analysis.

MyPort now moves for leave to file an amended complaint. The proposed amended complaint does not address the '998 Patent, leaving my prior Section 101 analysis of that patent unchanged. Nor does MyPort assert any new patents or new claims. Instead, it adds factual allegations and highlights certain claim limitations pertaining to the Speech And Recognition Patents that it contends supply inventiveness and overcome my prior ruling at *Alice* step two. Apple opposes the motion, arguing that amendment would be futile because the proposed amended complaint does not cure the deficiencies I identified. The motion is ripe for disposition.

## II. LEGAL STANDARD

### A. Leave to Amend

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)). The rule instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal amendment regime helps effectuate the "general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). The factors set out in the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178 (1962), guide a court's decision about whether to permit an amendment. A court may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed prejudice to the opposing party, and futility. *Id.* The *Foman* factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of other equitable factors, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause. *See USX Corp. v. Barnhart*, 395 F.3d 161, 167-68 (3d Cir. 2004).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434

3

(3d Cir. 1997)). In determining whether a claim would be futile, "the district court applies the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

### B. Patent Eligibility

An invention is patent eligible if it claims a "new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101. "The Supreme Court has interpreted this language to exclude '[l]aws of nature, natural phenomena, and abstract ideas' from patent eligibility." *Recentive Analytics, Inc. v. Fox Corp.*, 134 F.4th 1205, 1211 (Fed. Cir. 2025) (quotation omitted). Following the Supreme Court's decision in *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014), "courts perform a two-step analysis to determine patent eligibility under § 101." *Recentive*, 134 F.4th at 1211. First, the court "determine[s] whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* (quotation omitted). If so, the second step requires the court to "assess the 'elements of each claim both individually and as an ordered combination' to determine whether they possess an 'inventive concept' that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.*

4

Patent validity under Section 101 is a question of law that can be resolved on a motion to dismiss. *See Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360 (Fed. Cir. 2023). Patents are presumptively valid, and "[t]he burden to prove the ineligibility of any patent claim stays with the patent challenger at all times." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1291 (Fed. Cir. 2024).

## III.   ANALYSIS

MyPort's proposed amended complaint does not meaningfully address *Alice* step one. It does not point to any claim limitation or technological feature that would change my prior conclusion that the asserted claims are directed to an abstract idea. As the Federal Circuit has held, generating tags, associating data with them, and using those tags for search and retrieval is an abstract idea. See *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1326–28 (Fed. Cir. 2017); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014). Because the proposed amendments do not alter that analysis, I need not revisit it. The only remaining question is *Alice* step two: whether the claims include an inventive concept sufficient to transform the abstract idea into patent-eligible subject matter. That question turns on the language of the claims and the specifications themselves. *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1271 (Fed. Cir. 2016).

### A. Representativeness

MyPort does not argue that any asserted claim contains limitations that would materially change the Section 101 analysis. It does not identify any claim in the Speech And Recognition Patents as non-representative. I therefore continue to treat Claim 13 of the '066 Patent as representative. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).

MyPort points to additional features in other claims (including claim 6 of the '017 Patent)—such as start and stop events, transmission after completion, and a combiner or compressor that creates a recoverable composite data set and allegedly reduces storage or transmission demands. Those features do not alter the representative analysis. As I explained before, they add generic computer components or conventional computer operations to the same abstract idea. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1291-92 (Fed. Cir. 2024). Claim 13 remains representative.

### B. *Alice*—Step Two

Even considering the supplemental allegations in MyPort's proposed Amended Complaint, Claim 13 of the '066 Patent lacks an inventive concept. As I held, the claims recite well-understood, routine, and conventional computer activity. Claim 13 calls for a camera, a microphone, generic converters or processors, speech-to-text and image-recognition software, and storage—all performing their expected functions. The claims use functional language that confirms their conventional nature. I already reviewed the

same components and ordered steps that MyPort again highlights, including the first data converter, the media converter, the combiner, and the receiver, and I rejected the argument that they supply inventiveness, alone or together.

Nothing in the proposed amended complaint changes that analysis. MyPort now says the inventive concept lies in using a converter to generate recognition-based tags and durably associate or embed those tags with digital media, including across device transfers. That is the same story in different words. And as I said before, maintaining associated data across media is longstanding, well-understood, and routine. CDs, lyric books, and digital files all demonstrate this principle. To meet *Alice* step two in computer-implemented inventions like the Patents-in-Suit, "the computer must perform more than 'well-understood, routine, conventional activities previously known to the industry.'" *CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*, 15 F.4th 1091, 1097 (Fed. Cir. 2021). The claims still describe functional results achieved through generic hardware and software. That does not amount to an inventive concept. *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020).

The specification citations on which MyPort relies do not help. The portions of the specification in the '017 Patent that MyPort labels as "explicit mechanisms" or as "concrete preservation and authentication mechanisms" describe conventional data using generic components and functional language. They do not disclose any concrete technological improvement to those techniques. And alleging that prior systems lacked these

7

capabilities does not establish inventiveness when the claims themselves recite only conventional components performing expected functions. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018). Likewise, MyPort's assertion that the Patents-in-Suit have been cited as prior art in other patent applications is irrelevant to the *Alice* inquiry. *Mobile Acuity Ltd.*, 110 F.4th at 1294. Indeed, "[t]he search for a § 101 inventive concept is … distinct from demonstrating § 102 novelty." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016). Thus, even if a claim recites novel subject matter, that fact alone does not confer patent eligibility. *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021). Absent something significantly more than the abstract idea itself, Claim 13 is not inventive.

      MyPort's reliance on an expert report in a case in the United States District Court of the Eastern District of Texas fares no better. *See MyPort, Inc. v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 2:22-CV-00114-JRG, D.I. 166-1 (E.D. Tex., Oct. 13, 2023). The expert opines that the claimed inventions were not conventional and that the use of speech recognition and image recognition to generate and associate metadata represented a technological advance. But the testimony does not identify any claim limitation that departs from generic computer functionality or explain how the claims implement their functions in a non-routine way. Instead, the testimony is conclusory, calling the claimed result innovative while just accepting the claims' functional descriptions at face value. An expert cannot supply an inventive concept that the claims and specification do not

8

disclose. *See Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1326 (Fed. Cir. 2016); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017).

Nor does a decision from the *MyPort v. Samsung* case change the analysis. In that case, the court found the claims abstract at step one but declined to decide step two based on its view of the record in that case. That posture does not bind me or change my analysis under Rule 12 and Section 101. The existence of purported factual disputes in another case does not preclude dismissal here, where the proposed amended complaint offers no additional factual allegations that undermine my prior determination that the claims recite only conventional components performing their expected functions.

## IV. CONCLUSION

Because MyPort's proposed amended complaint would not change my patent-eligibility analysis under Section 101, amendment would be futile. I will therefore deny MyPort's motion for leave to amend and dismiss its claims with prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

December 18, 2025